E-FILED  2022 JUL 11 11:47 AM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| RANDY HARTLEY,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PANDA EXPRESS, INC.,<br><br>　　　　　Defendants. | No. _____<br><br><br>**PETITION AT LAW<br>AND JURY DEMAND** |

COMES NOW Randy Hartley, by and through counsel, and for his cause of action against Defendant Panda Express, Inc. states to the Court as follows:

### INTRODUCTION

1. The unlawful actions set forth below grew out of or were in connection with Defendant's business operations located in Polk County, Iowa making Polk County the appropriate venue pursuant to Iowa Code Section 616.18.

2. The unlawful actions outlined below occurred within the two-year statute of limitations set forth in Iowa Code Section 614.1(2).

3. The damages sustained and sought exceed $6,500.00.

### PARTIES

4. At all times material hereto, Plaintiff Randy Hartley was a citizen and resident of Dallas County.

5. At all times material hereto, Defendant Panda Express, Inc. was a for-profit corporation organized and existing under the laws of the State of California with its principal place of business at 1683 Walnut Grove Ave, Rosemead, California 91770, operating an Iowa office at 400 E Court Ave, Des Moines, Iowa 50309, and operating a business existing

E-FILED  2022 JUL 11 11:47 AM POLK - CLERK OF DISTRICT COURT

under the laws of the State of Iowa at 1580 Valley W Dr, West Des Moines, Iowa 50266.

## FACTS

6.  Plaintiff is a fifty-one-year-old male firefighter with the City of Des Moines.

7.  On January 27, 2022, Plaintiff visited Defendant's business located at 1580 Valley W Dr, West Des Moines, Iowa 50266 for the purpose of purchasing a prepared meal.

8.  Plaintiff purchased two entrées – *Broccoli Beef* and *String Bean Chicken Breast* with a side of *half fried rice* and *half chow mein*.

9.  Plaintiff took his entrées "to go" for at-home consumption.

10. Plaintiff had eaten the majority of the meal purchased at Defendant's business when he bit down on a glass shard.

11. The glass shard found in Plaintiff's meal was comparable in size to a Unite States quarter dollar.



12.

13. Plaintiff chipped his tooth when he bit the glass shard.

14. Plaintiff immediately called Defendant's business where he had purchased the meal.

15. Defendant's agents offered only to exchange his meal without an explanation as to the

E-FILED  2022 JUL 11 11:47 AM POLK - CLERK OF DISTRICT COURT

contamination of the meal.

16. Plaintiff was fearful Defendant agent's dismissive attitude towards the contaminated meal would injure another innocent consumer.

17. After speaking with Defendant's agent, Plaintiff decided to inspect the remainder of the meal he had not consumed.

18. Upon a closer inspection, Plaintiff discovered the meal contained countless small glass shards.

19. Plaintiff's meal contained crunchy green beans and broccoli, so he reasonably attributed the "crunch" of the glass shards to the texture of the vegetables.

20. Plaintiff then received a follow-up call from Defendant's agent.

21. Defendant's agent informed Plaintiff that she had contacted the business location in question and ordered its immediate shut down.

22. Defendant's agent also informed Plaintiff that Defendant would compensate him for his medical costs.

23. Defendant's agent then texted Plaintiff stating the glass shards had come from a shattered fixture above the entrées.

24. On January 20, 2022, prior to the purchase and consumption of Defendant's meal, Plaintiff had a colonoscopy which showed no remarkable findings.

25.  On January 29, 2022, Plaintiff began experiencing intense abdominal cramping.

26. On January 30, 2022, Plaintiff began passing bloody stools.

27. Plaintiff's physician had given him a clear bill of health prior to his consumption of Defendant's meal and attributed the recent pain and blood to the glass shards in the meal.

28. On January 31, 2022, Plaintiff attempted to return to work but felt extremely nauseated

and ill.

29. On February 1, 2022, Plaintiff went to his physician's office for a medical consultation.

30. Plaintiff's physician conducted an x-ray and blood work.

31. Plaintiff experienced bloating, nausea, intestinal cramping, bloody stools, and intense diarrhea for three and a half weeks after consuming Defendant's contaminated meal.

32. Plaintiff also required dental work as a result of biting the glass shard.

33. After seeing a dentist, Plaintiff was informed that he had chipped one tooth and cracked another.

34. Plaintiff underwent a root canal and tooth grinding to repair the oral cavity injuries caused by the glass shard.

35. As a result of one of his teeth being ground down, Plaintiff experiences tooth sensitivity.

36. Plaintiff lost approximately fifteen pounds as a result of having to change his dietary lifestyle so as not to additionally irritate his gastrointestinal tract.

37. Plaintiff is hesitant to consume foods at well-known establishments such as Defendant, out of fear that his meals are contaminated.

## COUNT I
## NEGLIGENCE/PREMISE LIABILITY

38. Defendant had a common law duty to use reasonable care to keep the property and its products in a safe condition and to use reasonable care to avoid or warn of dangerous conditions.

39. Defendant maintained control over the property, including the food serving stations which contained the meals and the fixtures and were responsible for their care and maintenance.

40. Defendant had knowledge that there was an unsafe condition on its premises.

E-FILED  2022 JUL 11 11:47 AM POLK - CLERK OF DISTRICT COURT

41. Defendant was negligent in one or more of the following particulars:

    a.  Failing to promptly fix or remedy an unsafe condition,

    b.  Failing to promptly remove and dispose of contaminated meals,

    c.  Failing to inspect the meals and assure they were in a safe condition for consumption,

    d.  Failing to warn individuals of unsafe conditions, and

    e.  Failing to act as a reasonable premise owner.

42. Defendant's failure was the proximate cause of Plaintiff's injuries, pain, and suffering.

43. As a result of Defendant's negligence, Plaintiff has in the past and will in the future incur medical, drug, hospital, and related costs of ongoing treatment of his injury; potential costs and expenses for physical therapy; loss of past income and future earning capacity; past and future loss of full mind and body; and past and future physical and mental pain and suffering.

    WHEREFORE, Plaintiff Randy Hartley demands judgment against Defendant in an amount that will fully and fairly compensate him for his injuries and damages, court costs, interest as allowed by law, and for such appropriate relief as the Court finds just and equitable.

## COUNT II
## RES IPSA LOQUITUR – GENERAL NEGLIGENCE

44. Defendant had exclusive control over the instrumentalities and procedures which caused Plaintiff's injuries and damages.

45.  Defendant owed Plaintiff a legal duty of care as a business invitee.

46. The instrumentalities and procedures in Defendant's control were being used in their ordinary course for their intended purpose when the meal became contaminated with

5

glass shards.

47. Plaintiff relies on the doctrine of *res ipsa loquitur*.

48. As a result of Defendant's negligence, Plaintiff has in the past and will in the future incur medical, drug, hospital, and related costs of ongoing treatment of his injury; potential costs and expenses for physical therapy; loss of past income and future earning capacity; past and future loss of full mind and body; and past and future physical and mental pain and suffering.

WHEREFORE, Plaintiff Randy Hartley demands judgment against Defendant in an amount that will fully and fairly compensate him for his injuries and damages, court costs, interest as allowed by law, and for such appropriate relief as the Court finds just and equitable.

## JURY DEMAND

COMES NOW Plaintiff and demands trial by jury as to all counts.

*/s/ Roxanne Conlin*
ROXANNE CONLIN AT0001642
TYLER K. ADAMS AT0014549
ROXANNE CONLIN & ASSOCIATES, P.C.
3721 SW 61st Street, Suite C
Des Moines, IA 50321-2418
Phone: (515) 283-1111; Fax: (515) 282-0477
Email: roxanne@roxanneconlinlaw.com
       tadams@roxanneconlinlaw.com
cc: dpalmer@roxanneconlinlaw.com